## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARIFF BUTLER, | No. 4:23-CV-00859 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| JOHN E. WETZEL, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 1, 2024

Plaintiff Shariff Butler filed the instant *pro se* Section 1983[1] action concerning conditions of confinement at the State Correctional Institution, Huntingdon (SCI Huntingdon). Presently before the Court is Defendants' unopposed motion to dismiss Butler's amended complaint. For the reasons that follow, the Court will grant in part and deny in part Defendants' motion.

## I.    BACKGROUND

Butler initially filed this case in May 2023.[2] After several improper attempts to amend his pleading as a matter of course (under the Federal Rules of Civil

---

[1]    42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]    *See generally* Doc. 1.

Procedure existing at that time),[3] he eventually filed an amended complaint in compliance with Rule 15 on September 21, 2023.[4]  That amended complaint is the operative pleading in this action.

The gravamen of Butler's amended complaint is that SCI Huntingdon, where he is currently confined, has inadequate fire-safety protections in place.  Butler alleges that, on January 9, 2021, a fire broke out in a cell on his housing unit.[5]  He recounts that corrections officers tended to the fire but that, after they believed the fire had been extinguished, the unit became "engulfed in smoke" and the prisoners had to be evacuated off the unit and out of the prison.[6]

Following this incident, Butler filed a formal grievance in which he complained about the numerous purported deficiencies with respect to SCI Huntingdon's fire-safety response.[7]  He raised the following issues: (1) the length of the evacuation process (taking approximately 20 minutes in Butler's estimation); (2) no "initial sounding of any alarm" when the fire began; (3) no corrections officers "tending all tiers" at the time of the incident; (4) no "smoke exhaust fans" or an "adequately operable ventilation system" in the housing unit; (5) no master locking system for all cells—each cell has to be individually,

---

[3]   *See* Docs. 4, 7, 14, 15.  Butler also filed numerous motions for reconsideration and a motion for recusal.  *See* Docs. 10, 16, 19, 25.  Those motions were denied.  *See* Docs. 11, 21, 22, 26.
[4]   Doc. 23.
[5]   *Id.* ¶ 14.
[6]   *Id.* ¶¶ 14-15, 17-19.
[7]   *Id.* ¶ 24; Doc. 23-11 at 2-3.

manually unlocked; (6) no "fire equipment" to tend to major fires; and (7) no "adequately operable fire exits."[8]  Butler claimed that these conditions "placed [his] life in immediate imminent danger" and constituted deliberate indifference, cruel and unusual punishment, and discriminatory treatment.[9] [10]

Butler appears to have exhausted his grievance through final appeal with the Secretary's Office of Inmate Grievances and Appeals (SOIGA), and it was denied at all levels.[11]  He additionally complained to the Pennsylvania Department of Labor and Industry and the Bureau of Occupational and Industry Safety, asserting the same fire-safety issues raised in his grievance and contending that SCI Huntingdon does not comply with the "Fire and Panic Act, 35 PA. CONS. STAT. §§ 1221-1235.1."[12]  He avers that he did not receive a response from either agency.[13]

Butler lodged his complaint in this Court on May 19, 2023.[14]  He names the following defendants: John E. Wetzel, former Secretary of the Pennsylvania

---

[8]  Doc. 23 ¶ 24; Doc. 23-11 at 2-3.

[9]  Doc. 23-11 at 3; *see also* Doc. 23 ¶ 28.

[10]  The Court observes that, in Butler's own supporting documents attached to his complaint, Safety Manager Anthony Scalia indicates that the evacuation took "approximately 6 minutes," "the institution's fire alarm system functioned exactly as it should have," and "the smoke exhaust system kicked on and expelled the majority of smoke from the housing unit within several minutes."  Doc. 23-4 at 3.  These assertions directly contradict many of Butler's allegations regarding the conditions at SCI Huntingdon on January 9, 2021.  Nevertheless, at the Rule 12(b)(6) stage, Butler's allegations must be taken as true.

[11]  Doc. 23-11 at 4-10.

[12]  Doc. 23 ¶¶ 29-30; Doc. 23-5; Doc. 23-6; Doc. 23-7.  Butler alleges that the "Fire and Panic Act" is now known as the "Life Safety Code Act," but does not provide an accurate statutory or code citation.  *See* Doc. 23 ¶ 11.

[13]  Doc. 23 ¶ 31.

[14]  *See id.* at pp. 23, 24.

Department of Corrections (DOC); Kevin Kauffman, former Superintendent of SCI Huntingdon; Corrections Officer C. Kendrick; Safety Manager Anthony Scalia; Unit Manager George Ralston; Corrections Officer Jennifer Jenkins; and the Pennsylvania Department of Labor and Industry.[15]  It appears that Butler is also suing Chief Grievance Officer Dorina Varner and Assistant Chief Grievance Officer Keri Moore, although they are listed only in the caption and do not appear in the defendant-identification section of the amended complaint.[16]

Butler asserts four causes of action: (1) a Section 1983 conditions-of-confinement claim under the Eighth Amendment; (2) a Section 1983 equal protection claim under the Fourteenth Amendment; (3) a claim of civil conspiracy to violate constitutional rights, presumably under Section 1983; and (4) a state-law negligence claim.[17]  He seeks declaratory and injunctive relief, as well as nominal, compensatory, and punitive damages.[18]

---

[15]  *Id.* ¶¶ 5-11.

[16]  *Compare id.* ¶¶ 5-11, *with id.* at p. 1.

[17]  *See* Doc. 23 ¶¶ 53-70.

[18]  *Id.* at pp. 21-22.  Butler also asserts that he is seeking "immediate release" from custody, but such claims sound in habeas corpus, not Section 1983 liability.  *See, e.g.*, *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323-25 (3d Cir. 2020) (explaining that detainees seeking "release from detention" may proceed by way of a habeas petition challenging unconstitutional conditions of confinement, but only in "extraordinary circumstances").  The Court additionally observes that, although Butler seeks money damages for mental and emotional injury, his alleged physical injury of short-term smoke inhalation (without any lasting effect) does not appear to rise above the *de minimis* level, as required by 42 U.S.C. § 1997e(e).  *See Mitchell v. Horn*, 318 F.3d 523, 535-36 (3d Cir. 2003).

Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[19]  After Defendants filed their brief in support, Butler moved for an extension of time to file his brief in opposition.[20]  The Court granted that motion, giving Butler until November 14, 2023, to file his opposition brief.[21]  Instead of filing an opposition brief, Butler moved to stay the case.[22]  The Court denied that motion.[23]

To date, Butler has failed to file a brief in opposition, so Defendants' motion to dismiss is therefore deemed unopposed.[24]  Nevertheless, the Court will review the sufficiency of Butler's amended complaint to determine if any of his claims survive Rule 12(b)(6) scrutiny.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[25]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[26]  In

---

[19]  *See generally* Doc. 24.
[20]  *See* Doc. 28.
[21]  *See* Doc. 29.
[22]  Doc. 30.
[23]  Doc. 31.
[24]  *See* LOCAL RULE OF COURT 7.6.
[25]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[26]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

5

addition to the facts alleged on the face of the complaint, the court may also

consider "exhibits attached to the complaint, matters of public record, as well as

undisputedly authentic documents" attached to a defendant's motion to dismiss if

the plaintiff's claims are based upon these documents.[27]

When the sufficiency of a complaint is challenged, the court must conduct a

three-step inquiry.[28]  At step one, the court must "tak[e] note of the elements [the]

plaintiff must plead to state a claim."[29]  Second, the court should distinguish well-

pleaded factual allegations—which must be taken as true—from mere legal

conclusions, which "are not entitled to the assumption of truth" and may be

disregarded.[30]  Finally, the court must review the presumed-truthful allegations

"and then determine whether they plausibly give rise to an entitlement to relief."[31]

Deciding plausibility is a "context-specific task that requires the reviewing court to

draw on its judicial experience and common sense."[32]

Because Butler proceeds *pro se*, his pleadings are to be liberally construed

and his amended complaint, "however inartfully pleaded, must be held to less

---

[27]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[28]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[29]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[30]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[31]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[32]   *Iqbal*, 556 U.S. at 681.

stringent standards than formal pleadings drafted by lawyers[.]"[33]  This is particularly true when the *pro se* litigant, like Butler, is incarcerated.[34]

## III.   DISCUSSION

Defendants challenge the sufficiency of nearly every aspect of Butler's lawsuit.  After careful consideration, the Court finds that Butler's amended complaint suffers from numerous pleading deficiencies, which the Court will discuss in turn.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[35]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[36]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[37]  Furthermore, it is

---

[33]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[34]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

[35]   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[36]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).

[37]   *Id.* (quoting *Rode*, 845 F.2d at 1207).

equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[38]

Butler fails to plead personal involvement for numerous Defendants. First, as to former-Secretary Wetzel, Butler's allegations evince nothing more than *respondeat superior* liability. Butler contends that Wetzel is the "supervisor responsible for the overall management and operations of all state correctional facilities," including SCI Huntingdon, and that because of his position he "is required to know of all health, safety, and environmental protocols, and any violations to said protocols."[39] Claiming that the Secretary of the DOC should be aware of every health or safety violation at every state correctional institution is both implausible and conclusory. Butler also implausibly suggests that "all grievances and appeal[s]" are "provided/relayed" to Wetzel as the supervisor,[40] which of course would be practically impossible due to the sheer size of the state inmate population and the number of grievances filed by inmates. At bottom, these allegations lack any personal involvement in the purported constitutional misconduct and instead reflect only vicarious liability.

---

[38] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

[39] Doc. 23 ¶ 41.

[40] *Id.*

Butler also sues everyone involved with the grievance process.  But it is well settled that mere involvement in the grievance process does not implicate Section 1983 liability.  Thus, Butler's claims against George Ralston, Kerri Moore, and Dorina Varner—all of whom were involved only by denying Butler's grievance and appeals—must be dismissed for lack of personal involvement.

Next, Butler sues Corrections Officer Jennifer Jenkins.  However, the only personal involvement alleged is that Jenkins tended to the fire on the day of the incident.[41]  While this is "involvement" in the January 9, 2021 incident, it is not involvement in any alleged constitutional misconduct.  Butler cursorily claims that Jenkins was "well aware" that his preferred fire-safety precautions (master locking system, operable ventilation system, available "fire equipment," more staff, etc.) did not exist and should have been reported by Jenkins,[42] but such conclusory allegations do not suffice to show how Jenkins was personally involved in the purported constitutional violation.  Jenkins is simply not the level of official at SCI Huntingdon who could plausibly be responsible for fire-safety mechanisms or to set or enforce fire-safety policy.

Accordingly, the claims against Wetzel, Ralston, Moore, Varner, and Jenkins must be dismissed for lack of personal involvement.

---

[41]  *See id.* ¶¶ 15, 39.

[42]  *Id.* ¶ 39.

## B.      Eighth Amendment Conditions of Confinement

Butler's failure to plausibly alleged personal involvement bleeds into his

failure to state conditions-of-confinement claims against the majority of

Defendants.  That is because Butler fails to plausibly allege deliberate indifference

by these prison officials.

"[T]he Constitution does not mandate comfortable prisons, and prisons . . .

which house persons convicted of serious crimes[] cannot be free of discomfort."[43]

Nevertheless, the state cannot subject an inmate to cruel and unusual punishment

or "inhumane treatment," such as deprivation of "identifiable human need[s]" like

"food, clothing, shelter, medical care, and reasonable safety[.]"[44]  To prevail on an

Eighth Amendment conditions-of-confinement claim, a plaintiff must show both

objective and subjective elements.[45]

Objectively, the prisoner must demonstrate that "the prison official deprived

the prisoner of the minimal civilized measure of life's necessities," often referred

to as a "sufficiently serious" deprivation.[46]  Subjectively, the prisoner must show

that "the prison official acted with deliberate indifference" to the prisoner's "health

or safety."[47]  Deliberate indifference means that the defendant "acted or failed to

---

[43]   *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

[44]   *See Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).

[45]   *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015)

[46]   *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).

[47]   *Id.* (citing *Farmer*, 511 U.S. at 834).

act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[48]   Deliberate indifference is a high bar and requires a plaintiff to show that the defendant "recklessly disregard[ed] a substantial risk of serious harm."[49]

Butler's Eighth Amendment claims fail against multiple Defendants because he has not plausibly alleged knowledge of the risk of harm and deliberate indifference thereto.  There are only two Defendants for which Butler has plausibly alleged knowledge and deliberate indifference: Superintendent Kauffman and Safety Manager Scalia.  Butler avers that another inmate wrote request slips to both Kauffman and Scalia complaining of fire-safety issues and that they responded to those requests.[50]  Kauffman, as Superintendent, would have sufficient control over fire-safety response, equipment, and policy.  Butler also plausibly alleges that, as part of Scalia's job as a Safety Manager, Scalia is required to be informed of health and safety protocols (including fire safety and prevention) and take proactive measures to keep inmates safe.[51]  Presumably, this position would involve reviewing fire-prevention building code compliance, evacuation plans, and other fire-safety issues raised by Butler's lawsuit.[52]

---

[48]   *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).
[49]   *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citation omitted).
[50]   Doc. 23 ¶ 25; Doc. 23-3; Doc. 23-4.
[51]   Doc. 23 ¶ 38.
[52]   *See* Doc. 23-13 at 2.

As to the other DOC officials (*i.e.*, Jenkins, Kendrick, and Wetzel), Butler simply asserts that they were aware "or should have been" aware of the fire-safety conditions about which he is complaining.  But without plausibly alleging facts that would establish actual knowledge of the purported dangerous conditions and deliberate indifference to them, Butler is asserting nothing more than simple negligence.[53]

In sum, Butler has plausibly alleged a conditions-of-confinement claim against Kauffman and Scalia.  Specifically, his allegations that (a) SCI Huntingdon lacked—among other things—appropriate exhaust fans, adequate ventilation, "adequately operable fire exits," and proper fire-fighting equipment in the housing units and that (b) several officials who were in charge of the facility and its safety conditions (*i.e.*, the Superintendent and the Safety Manager) were made aware of these issues but still have not taken any steps to address them, plausibly states an Eighth Amendment claim.  To the extent that Butler asserts conditions-of-confinement claims against the other Defendants, those claims cannot survive Rule 12(b)(6) scrutiny for the reasons provided above.

### C.    Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection

---

[53]   Butler's allegations about conditions at SCI Huntingdon in the early 1990s, (*see* Doc. 23 ¶ 44), have no bearing or relevance to the instant case.

of the laws."[54]  To state a Fourteenth Amendment equal protection claim, a prisoner must allege "that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class[.]"[55]  An equal protection claim can also be asserted under a "class of one" theory, whereby a plaintiff alleges that a state actor intentionally treated him differently than others who are similarly situated "and there is no rational basis for the difference in treatment."[56]

Butler's equal protection claim falters under either theory of liability.  He has failed to plead that he is a member of a protected class or that he was discriminated against based on his membership in that class.[57]  He has additionally failed to plead that he was treated differently than other similarly situated inmates.  In fact, Butler explicitly alleges that all the inmates on his housing block (and perhaps throughout SCI Huntingdon) were subjected to the same conditions of confinement about which he complains.  Thus, Butler's equal protection claim will be dismissed pursuant to Rule 12(b)(6).

---

[54]  U.S. CONST. amend. XIV, § 1.
[55]  *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016).
[56]  *Phillips*, 515 F.3d at 243 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).
[57]  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (holding that neither prisoners nor indigents are suspect classes for equal protection purposes).

### D.    Section 1983 Civil Conspiracy

To state a claim for Section 1983 conspiracy, a plaintiff must plausibly

allege: "'(1) two or more persons conspire to deprive any person of [constitutional

rights]; (2) one or more of the conspirators performs . . . any overt act in

furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his

person or property or deprives the plaintiff of any right or privilege of a citizen of

the United States,' with the added gloss under § 1983 that 'the conspirators act

under the color of state law.'"[58]   Notably, to state a conspiracy claim, a plaintiff

must do more than recite talismanic phrases like "conspire" and "act in concert."[59]

Butler's amended complaint fails to state a plausible conspiracy claim.  He

alleges that "Ralston, Kauffman, Varner and Moore acted in concert with one

---

[58]   *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (alterations in original) (quoting *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)).

[59]   *See id.* at 295 (explaining that, to state a civil conspiracy claim, a plaintiff must demonstrate that defendants "somehow reached an understanding to deny [the plaintiff] his rights" (alteration in original)); *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (citing *Kalmanovitz v. G. Heileman Brewing Co.*, 595 F. Supp. 1385, 1400 (D. Del. 1984), *aff'd* 769 F.2d 152 (3d Cir. 1985) ("It is a longstanding rule in the Third Circuit that a mere general allegation . . . [or] averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." (citing *Black & Yates, Inc. v. Mahogany Ass'n*, 129 F.2d 227, 231-32 (3d Cir. 1941)))); *Adams v. Corr. Emergency Response Team*, 857 F. App'x 57, 61 (3d Cir. 2021) (nonprecedential) (explaining that, to state a Section 1985 conspiracy claim, a plaintiff must sufficiently allege "facts and circumstances" that "support the elements of the conspiracy" and show agreement between defendants to deprive a plaintiff of a constitutional right); *Stankowski v. Farley*, 251 F. App'x 743, 748 (3d Cir. 2007) (nonprecedential) (finding that plaintiff's "conclusory allegation" that defendants "conspired" against him fails to state a claim for civil conspiracy).

another" in their denials of his grievance and appeals,[60] and that they "conspired with one another to deprive" him of his constitutional rights.[61]  He additionally alleges that "[a]ll named Defendants . . . acted in concert with one another" to fail to correct the conditions about which he complains.[62]  These purely conclusory allegations fail to set forth facts that establish the elements of a civil conspiracy. They are mere legal conclusions employing talismanic phrases that are not entitled to the presumption of truth and may be disregarded.

### E.    State-Law Negligence Claims

Butler also asserts state-law negligence claims against all Defendants. However, because it is clear from the allegations of the amended complaint that Defendants' actions were performed within the scope of their employment, these negligence claims are barred by state statutory sovereign immunity.

Commonwealth parties acting within the scope of their employment generally are immune from suit except when immunity is explicitly waived.[63] Pennsylvania's General Assembly has carved out certain limited exceptions from its grant of sovereign immunity to Commonwealth actors.[64]  Section 8522(b) of

---

[60]  Doc. 23 ¶ 42.
[61]  *Id.* ¶ 64.
[62]  *Id.* ¶ 45.
[63]  *See* 1 PA. CONS. STAT. § 2310; 42 PA. CONS. STAT. §§ 8521, 8522(a).
[64]  *See generally* 42 PA. CONS. STAT. §§ 8521, 8522.

Title 42 of the Pennsylvania Consolidated Statutes provides ten narrow categories[65] where the state has waived its sovereign immunity for claims involving negligent conduct by Commonwealth parties.[66]  This state statutory immunity applies to both negligent and intentional torts committed by Commonwealth actors.[67]

Defendants' actions or omissions plainly occurred within the scope of their employment (*e.g.*, responding to a fire, establishing or enforcing prison policy, performing job duties, handling grievances, etc.), and none of the ten exceptions in Section 8522(b) apply to Butler's claims.  Butler, moreover, has not identified or argued that any of the exceptions apply.  In fact, he has completely failed to respond to Defendants' motion to dismiss.  Therefore, because state statutory immunity shields Defendants from any state tort claims, Butler's negligence claims against all Defendants must be dismissed.

## F.    Claims Against Department of Labor and Industry

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under

---

[65]   The ten exceptions set forth in 42 Pa. Const. Stat. § 8522(b) concern: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse.

[66]   *See id.* § 8522(a), (b).

[67]   *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992).

color of state law."[68]  Only "persons" are subject to suit under Section 1983; state agencies such as the Pennsylvania Department of Labor and Industry do not qualify.[69]  The Court further observes that suing a state agency under Section 1983 is akin to suing the state itself, and such damages claims are barred by Eleventh Amendment sovereign immunity.[70]  Accordingly, any Section 1983 claims against the Department of Labor and Industry will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief.

## IV.   LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[71]  Limited leave to amend will be granted.  Butler's Section 1983 claims against Ralston, Varner, and Moore will be dismissed with prejudice, as their only involvement in the underlying events was the review and

---

[68]   *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[69]   *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (explaining that a state agency may not be sued under Section 1983 because it is not a "person"); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[70]   *See Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by eleventh amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye*, 675 F. App'x at 215.

[71]   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

denial of Butler's grievance and appeals.  Butler's claims against the Department of Labor and Industry will also be dismissed with prejudice, as leave to amend would be futile.  Finally, Butler's negligence claims will be dismissed as to all Defendants because those claims are barred by state statutory immunity.

If Butler chooses to file a second amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The second amended complaint should set forth Butler's claims in short, concise, and plain statements, and in sequentially numbered paragraphs, and it must address the deficiencies identified herein.  Butler should include the claims that have survived this Court's sufficiency review, but he *may not* include claims or defendants that have been dismissed with prejudice. Nor may Butler include the negligence claims that are barred by state statutory immunity.  He must also sign the second amended complaint and indicate the nature of the relief sought.

If Butler chooses not to file a second amended complaint, dismissal without prejudice of the conditions-of-confinement, equal protection, and civil conspiracy claims will automatically convert to dismissal with prejudice.  This case will then proceed on Butler's Eighth Amendment conditions-of-confinement claims against defendants Kauffman and Scalia only.

## V.     CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Limited leave to amend will be provided.  An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge